IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HYKEIM DORSEY-GRIFFIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-2355 |
| | : | |
| LINDSY KENDALL, et al. | : | |

## ORDER

AND NOW, this 4th day of December, 2025, upon consideration of Petitioner Hykeim Dorsey-Griffin's Amended Petition for a Writ of Habeas Corpus and the response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Caroline Goldner Cinquanto and Dorsey-Griffin's Objections, it is ORDERED:

1. Dorsey-Griffin's Objections to the Report and Recommendation (Dkt. No. 20) are OVERRULED[1];

---

[1] In his counseled amended habeas petition, Dorsey-Griffin raises a single claim of ineffective assistance of counsel based on his attorney's alleged failure to ensure that Dorsey-Griffin's decision to plead guilty was "entirely voluntary." Am. Pet. 8, Dkt. No. 8. On May 14, 2018, Dorsey-Griffin pled guilty to third-degree murder and prohibited possession of a firearm in exchange for the Commonwealth's agreement not to proceed on a first-degree murder charge and two other firearms charges. R. & R. 1 & n.3, Dkt. No. 19. Dorsey-Griffin alleges his counsel discussed the plea deal with him only once, a month before the May 14, 2018 trial date, but did not review the evidence or discuss any likely evidentiary rulings with Dorsey-Griffin, instead telling him only that he needed to take a plea. Am. Pet. 11, Dkt. No. 8. The petition further alleges that when Dorsey-Griffin appeared in court and pled guilty on May 14, 2018, his relationship with his attorney "had deteriorated to the point where there was little to no productive communication between them." *Id.* at 12. According to the petition, Dorsey-Griffin reluctantly pled guilty under pressure from the court to do what his attorney told him, and the only document he reviewed was a written plea colloquy that counsel handed to him just before the plea proceedings began. *Id.* at 11-13.

Although the Pennsylvania Superior Court rejected Dorsey-Griffin's ineffective assistance of counsel claim on the merits, the Magistrate Judge reviewed the claim de novo, finding the Superior Court had applied the wrong standard and its decision was therefore not entitled to deference. The Magistrate Judge nevertheless found the claim lacked merit because the record reflects that counsel's performance was objectively reasonable. Specifically, the Magistrate Judge found the record of a court hearing to review the Commonwealth's plea offer on April 12, 2018, a month before Dorsey-Griffin pled guilty, refuted Dorsey-Griffin's allegations of ineffectiveness.

At the hearing, Dorsey-Griffin stated, in response to the trial court's summary of the evidence, that he knew the allegations and witnesses against him because he had reviewed the discovery. N.T. 4/12/18 at 18. As the Magistrate Judge noted, the hearing transcript also shows Dorsey-Griffin's counsel "had explained the strength of the Commonwealth's case, the defense of voluntary intoxication, and the fact that the plea agreement would result in the same sentence as he would have received were the jury to accept his voluntary intoxication defense." R. & R. 13, Dkt. No. 19.

While Dorsey-Griffin objects to the Magistrate Judge's conclusion that counsel's conduct was objectively reasonable, he does not take issue with the finding that his "allegations that counsel had not reviewed the plea agreement, the evidence, or defenses" are contradicted by the record of the April 12, 2018 hearing. *Id.* He instead faults the Magistrate Judge for failing to consider the impact of the "broken attorney/client relationship" and the pressure the trial court placed on him on his waiver of his constitutional right to a trial. Objs. 2, Dkt. No. 20. This Court reviews Dorsey-Griffin's objections to the Report and Recommendation de novo. *See* 28 U.S.C. § 636(b)(1)(C).

The record reflects the relationship between Dorsey-Griffin and his counsel was difficult. Even before the April 12, 2018 court hearing, Dorsey-Griffin filed a motion seeking new counsel. But after hearing from Dorsey-Griffin and his attorney in court on April 12, 2018, the trial judge denied the motion, stating:

> I don't see that this lawyer has done anything that would warrant me taking him off the case. He's come to see you, he has been here for every listing that I've had. He has talked to the Court. He told me about the diminished capacity defense . . . . [H]e has negotiated a deal for you to get out from under first[-degree murder]. . . . [I]t was originally 30, he negotiated further and he got it down to 25 years.
> 
> I can't take this lawyer off because I don't see any reason to take this lawyer off based on everything that I know. So he's your lawyer, so you need to work along with him.

N.T. 4/12/18 at 25-26.

Notwithstanding the trial court's advice, on April 16, 2018, Dorsey-Griffin submitted another motion to fire his appointed counsel, which was filed on the state-court docket on April 23, 2018. Dkt. No. 15 at 47-48. On May 14, 2018, the morning of the scheduled trial date, Dorsey-Griffin's counsel filed a motion to withdraw, citing his client's refusal to discuss the Commonwealth's plea offer or whether to pursue a trial strategy of either voluntary intoxication or innocence. *Id.* at 53. When the parties appeared in court later that morning, Dorsey-Griffin told the court he and his attorney were "bumping heads" and claimed his attorney told him he did not care what happened to Dorsey-Griffin because counsel "think[s] he did it." N.T. 5/14/18 at 4-5. Counsel denied the accusation, stating he had tried to "lay out three options again: [t]he plea, the voluntary intoxication and the claim of innocence," and to explain to Dorsey-Griffin that if he went to trial, he would have to choose which strategy to pursue. *Id.* at 6. The trial court rejected Dorsey-Griffin's suggestion that his counsel was "not representing" him and was "being biased towards" him, noting "we went through all of this" at the previous hearing. *Id.* at 7-8. The court declined to give Dorsey-Griffin a new lawyer and stated the case would go to trial that day. *Id.* at 5, 8.

The proceedings were then adjourned for several hours, during which time counsel requested and was granted permission to speak to his client. *See id.* at 8-9. When the proceedings resumed, Dorsey-Griffin pled guilty to the third-degree murder charge and firearms offense. *See id.* at 22-27, 39. During the plea colloquy, Dorsey-Griffin confirmed that his attorney had

2

2. The Report and Recommendation (Dkt. No. 19) is APPROVED and ADOPTED;

3. The Amended Petition for a Writ of Habeas Corpus (Dkt. No. 8) is DENIED without an evidentiary hearing;

4. Dorsey-Griffin having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue; and

---

reviewed the Written Guilty Plea Colloquy Form with him and that he understood it. *Id.* at 19-20. When the case again came before the court for sentencing the following month, Dorsey-Griffin claimed he took the plea deal "under duress." N.T. 6/7/18 at 5. The judge advised Dorsey-Griffin she could not accept his guilty plea under duress and explained that he could move to withdraw the plea and have the court set a new trial date. *Id.* at 7-8. Dorsey-Griffin declined the court's suggestion that he file a petition to withdraw his guilty plea, and the case proceeded to imposition of sentence. *Id.* at 8-10.

In his objections to the Report and Recommendation, Dorsey-Griffin characterizes his relationship with his attorney as having "deteriorated to the point where there was little to no productive communication between them." Objs. 2, Dkt. No. 20. Yet despite the difficulties, the record reflects that counsel's ongoing efforts to discuss the plea offer and trial strategy with Dorsey-Griffin continued up until Dorsey-Griffin pled guilty. *See* N.T. 5/14/18 at 8, 19. As explained in the Report and Recommendation, the communication issues did not prevent counsel from advising Dorsey-Griffin regarding "the strength of the Commonwealth's case, the defense of voluntary intoxication, and the fact that he plea agreement would result in the same sentence as he would have received were the jury to accept his voluntary intoxication defense." R. & R. 13, Dkt. No. 13; *see also United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) ("When addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." (internal quotation marks and citation omitted)). And although Dorsey-Griffin's claim is for ineffective assistance of counsel, he has not shown any communication issues were the "result of neglect or ineptitude by counsel." *United States v. Wallace*, 753 F.3d 671, 676 (7th Cir. 2014). Because Dorsey-Griffin has not shown his counsel's performance was objectively unreasonable, his objection is overruled.

Dorsey-Griffin also objects to the Magistrate Judge's failure to find the PCRA court erred in not holding a hearing at which his trial counsel could be questioned under oath about the extent to which his relationship and ability to effectively communicate with Dorsey-Griffin had deteriorated by the time of the guilty plea. This objection lacks merit. A habeas petitioner's claim "that he should have been granted an evidentiary hearing by the PCRA court is not cognizable in a federal habeas proceeding." *Ramos v. Collins*, No. 13-433, 2013 WL 5429267, at *5 (E.D. Pa. Apr. 23, 2013), *report & recommendation adopted*, 2013 WL 5429305 (E.D. Pa. Sept. 27, 2013). And insofar as Dorsey-Griffin seeks an evidentiary hearing in federal court, such a hearing is unnecessary where, as here, the issue "can be resolved by reference to the state court record." *Taylor v. Horn*, 504 F.3d 416, 446 (3d Cir. 2017) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

                                        BY THE COURT:

                                        <u>/s/ Juan R. Sánchez</u>
                                        Juan R. Sánchez, J.